IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. RECORDS INC., a subsidiary of Warner Music Group Corp.,<br><br>Defendant. | Case No.<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: |

# COMPLAINT

Plaintiff Michael McDonald, by and through his attorneys, for his Complaint against the Defendant named above alleges as follows:

## PARTIES

1. Plaintiff Michael McDonald's ("McDonald") is a citizen of Franklin, Tennessee.

2. Defendant Warner Bros. Records Inc. ("Warner"), a wholly owned subsidiary of Warner Music Group Corp., a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 75 Rockefeller Plaza, New York, New York.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The action for declaratory judgment is brought pursuant to 28 U.S.C. § 2201, which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331. Venue is proper in the District pursuant to 28 U.S.C. §§ 1391.

4. Personal jurisdiction over Warner is proper in this Court on the grounds that: (a) Warner transacts substantial business in the State of Tennessee; and (b) Warner maintains an office in this Judicial District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) & (c).

## NATURE OF THE ACTION

6. This action for breach of contract, breach of the duty of good faith and fair dealing, unfair competition under California law, an accounting, and a declaratory judgment against Warner arising from Warner's willful and knowing failure to properly account to and pay McDonald royalties, pursuant to the recording agreement between McDonald and Warner, dated February 1, 1979, attached to this Complaint as Exhibit A, (the "Recording Agreement"), with respect to certain master recordings ("Masters") of the musical performances by McDonald which have been licensed by Warner to "Music Download and Mastertone Providers," and then sold by these third parties to the general public as more fully described herein below.

7. McDonald is a five-time Grammy Award winning singer and songwriter. McDonald is not only a solo artist but was a member of the music groups Steely Dan and The Doobie Brothers. A number of McDonald's songs were major hits, including "I Keep Forgettin' (Every Time You're Near)", "I Gotta Try", "Bad Times", "No Lookin' Back", and "Sweet Freedom".

8. This action seeks remedies for Warner's knowing violations of the terms of the Recording Agreement whereby Warner has paid McDonald significantly less royalties than are owed to McDonald under the terms of the Recording Agreement. Warner has failed to correctly account to and pay McDonald for Masters licensed to third-party Music Download and Mastertone Providers, as defined herein, for the distribution and sale of the Masters as "non-disc records." As explained below, the failure to pay McDonald appropriately for permanent

downloads, mastertones, and ringtones, is, upon information and belief, part of a conscious decision by Warner, and others in the music business to deprive artists of their proper royalties for the licensing of master recordings for sale or distribution by third party Music Download and Mastertone Providers, and constitutes unfair competition under California state law. The wrongdoing of these labels was put to an end in the case of *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010).

9. McDonald seeks compensatory damages for breach of contract. McDonald further seeks injunctive relief and restitution, dating back to Warner's initial wrongdoing, for violations of the California law of unfair competition. Additionally, McDonald seeks an accounting of monies owed to him under the Recording Agreement. McDonald further seeks a declaration, pursuant to 28 U.S.C. § 2201, that Warner is obligated to pay McDonald an amount equal to fifty percent (50%) of Warner's net royalties from Warner's licensing of the Masters to others, including but not limited to Music Download and Mastertone Providers, for their distribution or sale of non-disc records.

## GENERAL ALLEGATIONS

10. On or about February 1, 1979, McDonald entered into a recording agreement with Warner (the "Recording Agreement"). The Recording Agreement is governed by the law of the state of California as it was entered into in California and references the obligation of the parties to adhere to California law. Further, a substantial portion of the performance required under the Recording Agreement occurred in California.

11. Pursuant to the terms of the Recording Agreement, McDonald was engaged to produce and deliver certain "master" recordings. McDonald caused certain recorded performances of himself, (the "Masters"), to be made and delivered to Warner, and Warner agreed to

3

manufacture, distribute, sell, and license for sale and distribution those Masters in various configurations.

12. In consideration for performance under the Recording Agreement, Warner agreed to pay McDonald under a certain royalty structure and to account to McDonald under that royalty structure. In order to ensure Warner correctly accounted to and paid McDonald, the Recording Agreement gave McDonald the explicit right to inspect Warner's "books and records concerning the manufacture, distribution and sale of records embodying Masters."

13. The terms of the Recording Agreement dictate the amount of royalties Warner must pay to McDonald for Warner's licensing of the Masters to third parties, stating in pertinent part:

> With respect to sales in the United States of pre-recorded magnetic tapes and other non-disc records by Company's non-affiliated licenses (at present, reel-to-reel tapes), the royalty rate shall be one-half the net royalty paid Company by such licensees in connection with such sales.
>
> With respect to records sold via television and/or radio advertisements through mail order or special retail outlets (such as "K-Tel"-type packages), and with respect to permitted licensed sales by Company for which a royalty is not otherwise specifically provided for in the Agreement, the royalty shall be one-half (1/2) of the net receipts received by Company from its licensees.

14. Under the Recording Agreement, "'phonograph record' or 'record' means any device, intended primarily for home, transportation, juke box, or any similar use, in any speed, on any material, now known or hereafter devised, including but not limited to discs, wire, tape and film, utilized for the reproduction of sound, or, at the option of Company, a combination of sound and visual rendition of Producer's performances of other visual accompaniment."

4

15. Under the terms of the Recording Agreement, music downloads, mastertones, and ringtones are "non-disc records."

16. Warner has licensed the Masters to third parties, including Music Download and Mastertone Providers such as Apple (iTunes), eMusic, Amazon, Verizon, T-Mobile, and others, so that those third party Music Download Providers could manufacture and sell music downloads, mastertones and ringtones to the public. Warner received monies for this licensing and continuously and persistently failed to account to and pay McDonald the 50% of net royalties due to McDonald pursuant to the terms of the Recording Agreement.

17. Instead, Warner systematically accounted to and paid McDonald for licensing income from the sale and distribution of non-disc records at lower royalty rates, under provisions of the Recording Agreement, which are inapplicable to licensing of the Masters for the sale and distribution of non-disc records. Warner had a strong, but unlawful financial incentive to incorrectly pay McDonald for its licensing of the Masters to Music Download and Mastertone Providers for the distribution and sale of non-disc records because of the rising income from Masters licensed to Music Download and Mastertone Providers beginning in the early part of the last decade and continuing into the foreseeable future.

18. As alleged more specifically below, Warner knew, recklessly disregarded, or should have known its obligations in properly paying and accounting to McDonald. Warner's actions, in refusing to properly account to and pay McDonald, is unlawful, unfair, and/or deceptive and constitutes a violation of California's Unfair Competition Law.

19. Indeed, upon information and belief, Warner systematically eschewed its obligations to McDonald, similarly situated artists, and others after Warner: vetted applying policies and practices at issue in this matter at its highest corporate levels, analyzed internally the financial

5

consequences of its misconduct in terms of additional profit to be made by Warner by avoiding its contractual obligations, and formulated an opaque and artificial method for accounting for and paying its royalty participants for income derived from non-disc records. Further, upon information and belief, Warner has employed and continues to employ a host of unfair tactics and strategies in its dealings with McDonald and other royalty participants to minimize Warner's exposure from the unlawful conduct at issue here. Finally, upon information and belief, the actions of Warner were part of an ongoing and deliberate attempt by record labels to deprive artists, like McDonald, in California, and elsewhere of their rightful royalties for music downloads, mastertones, and ringtones. Indeed, upon information and belief, this conspiracy among the record labels could not have been accomplished if any one label accounted for and paid licensed download royalties correctly. The actions of Warner, and, upon information and belief, its competitors, affected potentially hundreds of thousands in the general public as a result.

20. On April 19, 2012, McDonald sent a specific written objection to Warner. That specific written objection put Warner on notice that Warner was in violation of its obligations to properly and accurately account to and pay royalties to McDonald. This notice served to inform Warner that McDonald objected to the royalty statements which had been supplied to him. McDonald's specific written objection to the royalty statements prevents those royalty statements from becoming binding under the terms of the Recording Agreement.

21. Upon information and belief, Warner has continued to incorrectly account to and pay McDonald in the period after the specific written objection was sent to Warner. Such continuing failure to account to and pay McDonald has resulted in additional substantial financial damage to McDonald.

6

## COUNT I

### BREACH OF CONTRACT

22. McDonald repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

23. McDonald and Warner have a valid and enforceable contract, the Recording Agreement. As the legal and beneficial owner of rights under the Recording Agreement, McDonald has the right to bring this action.

24. McDonald has performed all his obligations under the Recording Agreement.

25. Warner has failed to comply with the terms of the Recording Agreement by failing to account to and pay McDonald fifty percent (50%) of Warner's net royalties from the licensing of the Masters to Music Download Providers, for the distribution and sale of music downloads, mastertones, and ringtones, among other things.

26. By reason of the foregoing and other acts not presently known by McDonald, Warner has knowingly and materially breached its contractual obligations to McDonald under the Recording Agreement.

27. Warner's material breach of the Recording Agreement is the legal cause of substantial damage to McDonald for which McDonald seeks monetary damages in an amount to be determined at the time of trial, and after Warner provides proper accounting. Upon information and belief the amount of damages owed McDonald is in excess of $500,000.

## COUNT II

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

28. McDonald repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

29. McDonald and Warner have a valid and an enforceable contract, the Recording Agreement. As the legal and beneficial owner of rights under the Recording Agreement, McDonald has the right to bring this action.

30. McDonald has performed all his obligations under the Recording Agreement.

31. Warner, by and through its conduct and actions described in the Complaint, and by other acts not presently known by McDonald, unfairly interfered with McDonald's right to receive the benefits of the Recording Agreement.

32. Warner's interference with McDonald's right to receive the benefits of the Recording Agreement is the legal cause of substantial damage to McDonald for which McDonald seeks monetary damages in an amount to be determined at the time of trial, but believed to exceed $500,000.

## COUNT III

## UNFAIR COMPETITION

33. McDonald repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

34. California Business and Professions Code § 17200, *et seq*. prohibits any unlawful, unfair or fraudulent business acts or practices.

35. Warner has violated the foregoing law by engaging in unlawful, unfair and/or fraudulent business practices. Warner systematically and knowingly breached its contractual obligations with McDonald and others. Warner knew that the monies Warner received for its licensing of the Masters to Music Download and Mastertone Providers for the distribution and sale of non-disc records should have been accounted for and paid based on McDonald's right to receive fifty percent of Warner's net royalty.

36. Warner misled McDonald, others artists, and members of the public by failing to disclose the unlawful nature of its conduct and by employing such devices as alleged above, as well as, affirmatively representing its authority to collect and account for income from Music Download and Mastertone Providers on a basis other than as non-disc record licensing income. Warner's actions have had a direct impact on California citizens and have deprived McDonald of his rights under a California contract.

37. The gravity of Warner's misconduct outweighs any possible economic justification for such conduct – of which there is none.

38. The harm to McDonald, other artists, and the general public arising from Warner's deceptive and unlawful practices outweighs the utility, if any, of those practices.

39. The conduct described herein is ongoing, continues to this date, and constitutes unfair and fraudulent business acts and practices within the meaning of the California Business & Professions Code.

40. McDonald is entitled to an Order requiring Warner to cease its acts of unfair competition against both McDonald and the public at large.

41. McDonald is entitled to an Order enjoining Warner from continuing to account for monies due McDonald for its licensing income from Music Download and Mastertone Providers' distribution and sale of non-disc records in the unlawful manner in which Warner has in the past and continues to account for said monies.

42. McDonald is entitled to restitution for quantifiable sums McDonald had an ownership interest in and which Warner unlawfully, unfairly or fraudulently failed to account for and pay to McDonald, together with attorneys' fees, and costs associated with this action.

## COUNT IV

## ACCOUNTING

43. McDonald repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

44. McDonald, due to the wrongful acts of Warner, is entitled to a full accounting by Warner of amounts relating to the royalties received under the Recording Agreement, whereby McDonald may determine the revenues and profits rightfully belonging to McDonald and wrongfully gained by Warner.

## COUNT V

## DECLARATORY JUDGMENT

45. McDonald repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

46. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

47. McDonald seeks a declaration that pursuant to the Recording Agreement, Warner is obligated to pay McDonald fifty percent (50%) of Warner's net royalties derived from licensing income from third parties, including Music Download and Mastertone Providers, for the distribution and sale of non-disc records.

48. Warner denies the licensing of the Masters to others for the sale or distribution of non-disc records, requires it to pay McDonald fifty percent (50%) of Warner's net royalties.

49. Warner continues to license the Masters to Music Download and Mastertone Providers

for the sale and distribution of non-disc records.

50. By reason of the foregoing, there is a present controversy between McDonald and Warner for which a declaratory judgment should be entered.

51. McDonald has no adequate remedy at law.

## TRIAL BY JURY

52. McDonald hereby requests trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

WHEREFORE, Michael McDonald prays for judgment against Warner as follows:

(1) Compensatory damages in an amount to be determined at the time of trial, but not less than $500,000;

(2) An Order and Judgment declaring that the Recording Agreement requires Warner to account to and pay McDonald fifty (50%) of net royalties for the licensing of the Masters to Music Download Providers, for the distribution and sale of non-disc records;

(3) Restitution for Warner's Unfair Competition practices in an amount to be determined at trial;

(4) An order requiring Warner to submit to an accounting so that all gains, sales, profits, and advantages derived by Warner from each of its acts may be determined;

(5) An award of actual and reasonable attorneys' fees and costs for services rendered to McDonald in this action;

(6) An award of pre- and post-judgment interest;

(7) McDonald be awarded trial by jury on all issues triable by jury; and

(8) Such other and further relief as the Court deems just and proper.

DATED: May 21, 2012

Respectfully submitted,

KING & BALLOW

By: /s/Richard S. Busch
Richard S. Busch (Bar No. 14594)
Andrew W. Coffman (Bar No. 27160)

Attorneys for Plaintiff
315 Union Street
Suite 1100
Nashville, Tennessee 37201
Tel: (615) 259-3456
Fax: (615) 726-5417